******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* KATHERINE
LEE STONICK
(AC 39853)

Sheldon, Elgo and Beach, Js.

*Syllabus*

The defendant was charged with the crimes of larceny in the sixth degree
and illegal use of a credit card. Thereafter, the state entered a nolle
prosequi on the charges. The defendant asked that the charges be dis-
missed on the ground of actual innocence. The court noted the nolle
proequi over the defendant's objection and demand for dismissal without
requiring the state to make certain representations concerning those
charges as required by statute (§ 54-56b), and the defendant appealed
to this court. *Held* that the trial court violated § 54-56b by noting the
nolle over the defendant's objection without ruling or her demand for
dismissal or requiring the state to represent to the court, with respect to
the charges, that any material witness had died, disappeared or become
disabled, or that material evidence had disappeared or had been
destroyed and that a further investigation was necessary.

Argued September 14—officially released October 12, 2017*

*Procedural History*

Information charging the defendant with the crimes
of larceny in the sixth degree and illegal use of a credit
card, brought to the Superior Court in the judicial dis-
trict of Stamford-Norwalk, where the prosecutor
entered a nolle prosequi as to the charges, which the
court, *Hernandez, J.*, accepted over the defendant's
objection, and the defendant appealed to this court.
*Reversed; further proceedings.*

*A. Ryan McGuigan*, with whom, on the brief, was
*Pamela LeBlanc*, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney,
with whom, on the brief, were *Richard J. Colangelo,
Jr.*, state's attorney, and *Suzanne M. Vieux*, supervisory
assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Katherine Lee Stonick, appeals from the judgment of the trial court noting a nolle prosequi to charges then pending against her of larceny in in the sixth degree in violation of General Statutes § 53a-125b and illegal use of a credit card in violation of General Statutes § 53a-128d without ruling on her request that the charges be dismissed the pursuant to General Statutes § 54-56b. The nolled charges against the defendant stemmed from an incident that allegedly occurred on August 17, 2016, in which the defendant, while allegedly out on a date with the complainant, was accused of using the complainant's debit card, without his knowledge or permission, to purchase a $300 gift card to the restaurant at which they were dining.

On November 14, 2016, the state entered a nolle on the pending charges, upon which the defendant immediately asked that the charges be dismissed on the ground of "actual innocence." The court asked the defendant if she would concede that there had been probable cause for her arrest. Defense counsel responded on her behalf that she would not so concede, whereupon the court ended the proceeding by stating: "A nolle is noted for the record." This appeal followed.

The defendant argues, and the state concedes, that the court erred in noting the nolle over the objection of the defendant without ruling on her request for a dismissal of the nolled charges or requiring the state to make certain representations concerning those charges pursuant to § 54-56b. That statute provides that once a defendant objects to the entry of a nolle and demands a dismissal, the state may enter the nolle only "upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." When the court noted the nolle in the absence of any such representation by the state, it did so in violation of § 54-56b.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion on the defendant's objection to the state's nolle and her demand that the nolled charges be dismissed.

* October 12, 2017, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.